UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ISAIAH BODOH,

                Plaintiff,

        -against-                                  20-CV-8593 (LLS)

HAROLD L. SMITH, JR., JAIL                    ORDER OF DISMISSAL
ADMINISTRATOR,

                Defendant.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated in Midstate Correctional Facility, brings this *pro se* action under 42 U.S.C. 1983, alleging that while he was detained in the Sullivan County Jail, Defendants violated his constitutional rights.[1] By order dated February 26, 2021, the Court granted Plaintiff's request to proceed IFP.[2] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff submitted with his complaint a request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), but he did not submit a prisoner authorization. By order dated October 16, 2020, Chief Judge McMahon directed Plaintiff to either pay the filing fees or complete and submit a prisoner authorization. (ECF No. 3.) Plaintiff filed a prisoner authorization on January 11, 2021. (ECF No. 4.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that:

> On the above date and time 9-3-20 at appoxmetly 6:30 AM I Jacob Bodah slipped and fell in the shower and injuried my right wrist. It was due to no anti-slip devices (matts or non-slip tape etc.) in shower so I feel that the jail did not provide suitable protective equipment in the shower so there for I'm holding Administrator of the Jail (Harold L. Smith Jr.) responsible.

(ECF No. 2 at ¶V.)

Plaintiff asserts that he was "taken to outside hospital and was x-rayed then was given Motrain and a splint." Plaintiff seeks $100,000 in monetary damages.

## DISCUSSION

**A.     Conditions of Confinement**

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the Court construes Plaintiff's claims that he slipped and fell in the shower in the Sullivan County Jail as asserting a conditions-of-confinement claim under the Fourteenth Amendment of the United States Constitution. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions of confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.* The objective element requires a showing that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The mental element requires a showing "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk

3

that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

District courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-of-confinement claim. *See, e.g.*, *Covington v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (wet floor causing slip and fall "does not rise to the level of intolerable prison conditions"); *Jennings v. Horn*, No. 05-CV-9435 (SAS), 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) (accumulation of water on cell floor did not "objectively violate contemporary standards of decency"). *But see Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *5-6 (S.D.N.Y. July 23, 2014) (concluding that plaintiff with a known disability who was subjected to slippery floors stated a constitutional claim).

Plaintiff's allegations also fail to satisfy the second prong of a conditions-of-confinement claim because they do not demonstrate that prison officials "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Plaintiff's claim is therefore no different from a run-of-the-mill slip-and-fall claim, which arises under state law. *See, e.g.*, *Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (characterizing plaintiff's allegations concerning a slip-and-fall caused by unsafe conditions as "ordinary torts that do not rise to the level of constitutional deprivations"); *Martin v. City of New York*, No. 11-CV-600 (PKC), 2012 WL 1392648, at *9

4

(S.D.N.Y. Apr. 20, 2012) ("[B]odily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation.").

Because Plaintiff fails to allege facts satisfying either prong of a conditions-of-confinement claim, he fails to state a claim under the Fourteenth Amendment. 28 U.S.C. § 1915(e)(2)(B)(ii). The claim is therefore dismissed on this basis.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

SO ORDERED.

Dated:   March 1, 2021
         New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.